■ In the Matter of the Claim of JOHN J. CONROY, Appellant. COMMISSIONER OF LABOR, Respondent. [818 NYS2d 632]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 20, 2005, which, upon reconsideration, inter alia, charged claimant with a recoverable overpayment of unemployment insurance benefits.

Claimant elected to retire from his job rather than transfer after his employer discontinued its airline operation in the City of Syracuse, Onondaga County, due to economic difficulties. He filed an unemployment insurance claim effective November 18, 2002 and began receiving benefits. Thereafter, he submitted the paperwork necessary to collect a pension from his employer, which was approved in early May 2003, retroactive to November 1, 2002. He received a retroactive pension check in the amount

of $14,918.89 on May 7, 2003, and regular monthly checks in the amount of $2,131.27 thereafter. On or about May 1, 2003, claimant advised a Department of Labor representative of the expected receipt of his pension and was advised—erroneously—that because he was a displaced airline employee it would not affect his benefits. Claimant continued to certify for and receive benefits, except for a brief period when he worked at the New York State Fair. After working at the fair, he completed a questionnaire again disclosing his receipt of the pension. On October 17, 2003, the Department issued a redetermination finding claimant ineligible to receive benefits effective November 18, 2002, reducing his benefit rate to zero due to his receipt of the pension and charging him with a recoverable overpayment of $15,390. On November 14, 2003, it issued a revised redetermination reiterating these findings and reducing claimant's right to receive future benefits by eight effective days based on its determination that claimant made a willful misrepresentation.

Following a hearing, an Administrative Law Judge sustained the finding reducing claimant's benefit rate to zero, but overruled the finding of willful misrepresentation and reduced the amount of the recoverable overpayment to include only those benefits received by claimant between November 1, 2002 and May 1, 2003. The Department appealed this decision to the extent that it modified the amount of the recoverable overpayment and the Unemployment Insurance Appeal Board reversed it in this regard, sustaining the recoverable overpayment of $15,390. Although claimant appealed the decision to this Court, the Board subsequently reopened the case and remanded it for a further hearing on the issue of recoverable overpayment. After the hearing, the Board rescinded its prior decision and issued a new decision again finding that claimant was liable for a recoverable overpayment of the entire $15,390 in benefits that he received. Claimant appeals.

Contrary to claimant's assertion, the Department was not precluded from reclaiming benefits as its initial redetermination charging claimant with a recoverable overpayment was issued in October 2003, within six months of claimant's receipt of his retroactive pension in May 2003 (*see* Labor Law § 597 [3]; *Matter of Knox [Commissioner of Labor]*, 286 AD2d 797, 798 [2001]). The fact that a revised redetermination was later issued did not render the redetermination untimely. Claimant's receipt of his lump sum pension check in May 2003 constituted a retroactive payment of compensation, constituting benefits properly recoverable under Labor Law § 597 (4) (*see* Labor Law § 600 [7];

*Matter of Hosenfeld [Commissioner of Labor]*, 280 AD2d 738 [2001]).

We agree with claimant that under Labor Law § 597 (4), the Department could only recoup benefits that he received prior to May 7, 2003. Subdivision (4) prohibits the recoupment of benefits already paid prior to a redetermination under subdivision (3), except if those payments were accepted in bad faith, were based on false statements or representations, based on willful concealment of pertinent facts, or "based upon a retroactive payment of remuneration." The Administrative Law Judge found that claimant did not make any willful misrepresentation and that finding was not appealed. The Board found that on May 1, 2003, claimant informed the Department of his imminent receipt of pension funds. Based on these findings, only the retroactive remuneration exception applies. There is no evidence that the regular monthly pension checks that claimant received after May 7, 2003 constituted "retroactive payments of remuneration." Thus, the statute only permitted the Department to recoup the unemployment benefits claimant collected before May 7, 2003.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as charged claimant with a recoverable overpayment of any benefits collected after May 7, 2003; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.